## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALAN OSEI<br>8211 Rugby St.<br>Philadelphia, PA 19150<br><br>      Plaintiff,<br><br>      v.<br><br>BHC NORTHWEST PSYCHIATRIC<br>HOSPITAL, LLC<br>d/b/a Brook Glen Behavioral Hospital<br>7170 Layfayette Ave.<br>Fort Washington, PA 19034<br>      and<br>UNITED HEALTH SERVICES, INC.<br>d/b/a UHS<br>10-42 Mitchell Ave.<br>Binghamton, NY 13903<br><br>      Defendants. | CIVIL ACTION<br><br>No.:_____<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1. This action has been initiated by Jalan Osei (hereinafter referred to as "Plaintiff") against BHC Northwest Psychiatric Hospital, LLC and United Health Services, Inc. (hereinafter collectively referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in

## II.     JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.    PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

---

advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

8. Defendant BHC Northwest Psychiatric Hospital, LLC is a psychiatric hospital located in Fort Washington, PA, operating publicly as Brook Glen Behavioral Hospital.

9. Defendant United Health Services, Inc. is one of the largest providers of hospital and healthcare services, operating through dozens of medical facilities and hospitals (and through more than 80,000 employees), including the facility at which Plaintiff worked (Defendant BHC Northwest Psychiatric Hospital, LLC).

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a female.

14. Plaintiff was hired by Defendants effective on or about March 15, 2024; and in total, was employed by Defendants for approximately six (6) months.

15. Plaintiff was at all times a Registered Nurse ("RN") for Defendants (working on a full-time basis).

16. Plaintiff was physically working from Defendants' location doing business as Brooke Glen Behavioral Center in Fort Washington, Pennsylvania.

17. From a management standpoint, Plaintiff was primarily supervised by Jessica Walters ("Walters").

18. Walters held the title of Chief Nursing Officer during Plaintiff's short tenure with Defendants.

19. From a Human Resources ("HR") standpoint, Plaintiff interacted with Donald Mantell ("Mantell"). Mantell held the title of HR Director while Plaintiff was employed with Defendants.

20. While working for Defendants, Plaintiff was typically scheduled for the overnight shift (7 PM – 7 AM).

21. During Plaintiff's last several weeks of employment with Defendant, she began being exposed to another employee named Cassius James ("James").

22. James was – to Plaintiff's knowledge – primarily a day shift RN typically working 7 AM – 7 PM.

23. Despite Plaintiff's understanding that James was primarily a day shift employee, he seemed to frequently overlap part of Plaintiff's shift(s) during her last few weeks of employment.

24. As with many colleagues at various jobs, Plaintiff was friendly with James, texted with him, and occasionally engaged in typical humor.

25. However, toward the end of Plaintiff's limited few weeks of employment overlap with James, it was very clear that James: (a) wanted a sexual relationship; (b) had become unwelcomingly aggressive; and (c) was sexually harassing her.

26. As Plaintiff did her best to play off and/or ignore James' sexually harassing comments and texts, James' aggressive behavior became more present in the workplace (than just over text), and in August of 2024, James asked Plaintiff to come with him into a patient's room wherein James then exposed his penis to Plaintiff, asked her to touch his penis, and also asked her to show him her breasts.

27. James' aforesaid actions of exposing his penis to Plaintiff was the proverbial straw that broke the camel's back, prompting her to complain to Defendants' HR department.

28. On August 14, 2024, Plaintiff wrote the following email to Mantell stating:

> For the past two weeks I have been scheduled to work B3 and I been doing shift change / report with Cassius and after my 7 P – 7 A shift I was asked to come with him in a patient room after patients and the Mht left the floor not thinking anything of it when I came in the room with Cassius he had pulled his pants down and showed me his penis and asked me to touch him it (penis) and asked me to open my shirt and tried to come towards me I proceed to get away from him and out the room at this time.

29. It was obvious that Plaintiff was complaining about sexual harassment and an unwelcome showing of a coworker's penis.

30. During Plaintiff's follow-up dialogue with Mantell, she explained that she tried to be friendly with James, had talked or texted in the past wherein she tried her best to play off or ignore any sexually inappropriate comments by James, but that he took things too far and she was very upset and disgusted that James had escalated his sexual harassment by showing her his penis and inviting her to engage in sexual acts while at work.

31. While no female should have to tolerate a male showing his penis to them in the workplace, Mantell took the tone with Plaintiff in their discussions as if she invited James'

behavior, was potentially partially responsible, or that she was overly friendly with James in talking to him in the workplace or sitting next to him on a video playback.

32. In essence, Mantell insinuated that Plaintiff interacting with James or her manner of being friendly somehow made her responsible for a serious sexual harassment incident that she brought to HR.

33. Plaintiff's last physical day of work was on or about August 19, 2024, at which time she was suspended for almost a month until being terminated effective on or about September 16, 2024.

34. At the time of her termination, Plaintiff was provided with an "Employee Corrective Action Report," which in essence, accused Plaintiff sitting too close to James on an unrelated occasion and appearing to motion towards her breasts, as well as not maintaining boundaries with James.

35. In reality, Plaintiff complained that a coworker, whom she just came to know, showed her his penis in the workplace and if she had not made such a complaint, she would not have been suspended or terminated.

36. Instead of taking her concerns seriously, Mantell and Defendants engaged in victim blaming, accused Plaintiff being too nice or overly friendly with James, promptly suspended her, and then terminated her after having made a sexual harassment complaint.

37. Plaintiff believes and therefore avers that she was terminated in violation of Title VII.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Retaliation)
### -Against Both Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff believes and therefore avers that her complaint of sexual harassment was a determinative factor in Defendants' decision to suspend her and terminate her employment.

40. Defendants' aforesaid actions towards Plaintiff were absolutely outrageous, egregious, and malicious and they constitute violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting unlawful harassment, discrimination, and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G. Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: June 30, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jalan Osei | : | CIVIL ACTION |
| v. | : | |
| BHC Northwest Psychiatric Hospital, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 6/30/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OSEI, JALAN

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
BHC NORTHWEST PSYCHIATRIC HOSPITAL, LLC, ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Title VII (42USC2000)
Brief description of cause: Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 6/30/2025
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY